## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-11-20-FHS |
| | ) | |
| JAROD BEACH BROOK, | ) | |
| | ) | |
| Defendant. | ) | |

## **WRITTEN FINDINGS REGARDING DEFENDANT'S FINAL HEARING ON REVOCATION OF SUPERVISED RELEASE**

On February 16, 2016, this Court conducted a final hearing in this matter to determine whether the 36-month term of supervised release heretofore imposed in this case against the Defendant, Jarod Beach Brook, should be revoked. The Defendant appeared in person with his attorney, Neal Kirkpatrick, and the government appeared through Edward Snow, Assistant United States Attorney.

The Court advised the Defendant of his right to counsel, to call witnesses in his own behalf, to testify himself, and to cross examine witnesses called by the government. The Court also advised the Defendant of the range of punishment resulting from any revocation of his term of supervised release. The Court asked the Defendant if he had reviewed the Probation Officer's petition containing the alleged ground for revocation of his supervised release. The Defendant indicated he had read the petition outlining the alleged violation.

Defendant stipulated he had committed the violations set forth in the Probation Officer's Petition dated December 2, 2015. Specifically, the court finds by a preponderance of the evidence

that Defendant violated the following Mandatory Condition which provides the Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall not commit another federal, state or local crime when on September 12, and September 30, 2014, the Defendant tested positive for methamphetamine. In addition, Mr. Brook admitted to additional use of methamphetamine on September 18 and September 24, 2014. He also signed an "Admission of Drug Use" form admitting to using methamphetamine on July 6, 2015. On September 20, 2015, the Defendant was intoxicated in public, in Atoka County, Oklahoma. As a result of his actions, he was arrested by the Atoka Police Department and charged with Public Intoxication, municipal case number 113470. On September 21, 2015, Mr. Brook paid a $200.00 fine and was released from custody. The case was dismissed after receiving payment.

The court also finds by a preponderance of the evidence that Defendant violated the following Standard Condition of his probation which provides the Defendant shall not leave the judicial district without the permission of the court or probation officer when on August 27, 2015, Mr. Brook traveled to Tulsa, Oklahoma, and on November 11, 2015, he traveled to Lawton, Oklahoma. Both trips were made without Mr. Brook securing prior approval from the court or probation officer.

Further, the court finds by a preponderance of the evidence that Defendant violated the following Standard Condition which provides the Defendant shall notify the probation officer at least ten days prior to any change in residence or employment when Mr. Brook's employer, Southwest Fabricators, located in Hugo, Oklahoma, confirmed he last reported for work on November 9, 2015, Mr. Brooks failed to report the change in employment to the Probation Office.

Finally, the court finds by a preponderance of the evidence

2

the Defendant failed to participate in a program approved by the United States Probation Office for the treatment of narcotic addiction, drug dependency, or alcohol dependency, which will include testing to determine if he had reverted to the use of drugs or alcohol.  If it is determined by the Probation Officer that the Defendant is in need of a residential drug/alcohol treatment program, he shall participate in such treatment as directed by the Probation Officer and remain in the treatment facility until successfully discharged when on November 11, 2015, the Defendant was instructed to report to Kiamichi Council for a random drug test.  Mr. Brook advised he was out of the district, in Lawton, Oklahoma, and failed to report for the drug test as directed.  On November 24, 2015, Mr. Brook was instructed to report for a random drug test and advised the treatment provider he was not coming in and was going to enjoy the remaining free time he had left.

   The Court finds there is in the record information sufficient to enable the meaningful exercise of sentencing discretion in that the Court has before it the presentence report prepared on the Defendant which was utilized by this Court on September 14, 2011, in sentencing the Defendant.  The Court has reviewed the report on preliminary hearing on petition to revoke supervised release filed herein by the United States Magistrate for this Court, said hearing having been waived by Defendant on January 28, 2016, and further has conducted this second or final hearing on said petition and has received the stipulation in connection with said second hearing.

   The Court then afforded the Defendant and his attorney the right of allocution.  Defendant and his attorney made comments.  Thereafter, the Court revoked the terms of Defendant's supervised release and sentenced him to the custody of the Bureau of Prisons for a period of 24 months.

The court thereafter advised the Defendant of his right to appeal and the requirement to file his Notice of Appeal.

It is so ordered this 16th day of February, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma